UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                          :
RON SEABORN,                                              :
                                                          :
                                      Plaintiff,          :          ORDER ADOPTING
                                                          :          REPORT AND
                        -against-                         :          RECOMMENDATION
                                                          :          23 Civ. 9397 (NSR)(AEK)
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                                      Defendant.          :
--------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      *Pro se* Plaintiff Ron Seaborn ("Plaintiff") commenced this action pursuant to 42 U.S.C. §

405(g) challenging the decision of the Commissioner (the "Commissioner") of the Social Security

Administration ("SSA" ) (the "Defendant). (ECF No. 1.) In his complaint, Plaintiff challenges the

Commissioner's determination that his Supplemental Security Income ("SSI") benefits were

subject to overpayment withholding. On January 19, 2024, the Commissioner filed a motion

seeking to dismiss Plaintiff's complaint pursuant to Fed. Rules of Civil Procedure § 12(b)(6) or

alternatively pursuant to Fed. Rules of Civil Procedure § 56. (ECF No. 7.) The Plaintiff did not file

an opposition to the motion. The case was referred to Magistrate Judge Andrew E. Krause ("MJ

Krause"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure Fed. Rules of Civil

Procedure § 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion.

(ECF No. 8.) On July 8, 2024, MJ Krause issued an R & R recommending that Defendant's

motion be GRANTED.

      For the following reasons, the Court reviews the R & R for clear error, finds no clear error,

adopts the R & R in its entirety. Accordingly, judgment is entered in favor of Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/27/2024

## **BACKGROUND**

The following facts are summarized and taken from the parties' submissions.

Plaintiff applied for SSI benefits in January 2015 and soon thereafter received a notice of award. *See* Decl. of Andrea Wilder.  On July 13, 2021, Defendant provided Plaintiff with a  notice of overpayment in the amount of $794.00. *Id.* On February 11, 2022, Defendant provided Plaintiff with a second notice of overpayment in an additional amount of $5,412.00. *Id.*  Each notice informed Plaintiff that he had 60 days to appeal the agency's determination, that Plaintiff should complete the "Request for Reconsideration" form, and how to request a waiver of the overpayment. *Id.* The second notice further informed Plaintiff that the agency would withhold $84.10 from Plaintiff's monthly SSI payments until the entire overpayment was re-paid. *Id.*

On February 24, 2022, Defendant provided Plaintiff with yet another notice of overpayment in an additional amount of $1,588.00 from July and August 2021. The notice similarly informed Plaintiff that he had 60 days to appeal, that Plaintiff should complete the "Request for Reconsideration" form, and how to request a waiver of the overpayment. *Id.*  The notice further informed Plaintiff that the agency would withhold $84.10 from Plaintiff's monthly SSI payments until the entire overpayment was re-paid. *Id.*

On April 12, 2022, the Defendant sent Plaintiff a summary of redetermination information which Plaintiff provided to Defendant for the purpose of determining continued eligibility for SSI payments. *Id.* The correspondence also provided Plaintiff with a ten-day period within which to inform Defendant of any changes to his income. *Id.* On May 12, 2022, Defendant sent Plaintiff a Request for Reconsideration form and a 795 Person Statement form advising Plaintiff of his right to seek an extension of time to appeal the agencies overpayment determination. *Id.*

On November 26, 2023, sent Plaintiff a Notice of Change in Payment stating that his monthly SSI allotment increased due to a cost of living, and that the agency would increase the monthly withheld amount to $94.30. As of January 2024, Defendant had over paid Plaintiff $5,667.60, Plaintiff's gross monthly SSI benefit was $943, and the agency was withholding $94.30 on a monthly basis. *Id.* Lastly, the agency has no record of Plaintiff ever seeking a reconsideration of the agency's overpayment determination or request a waiver of the overpayment. *Id.*

Plaintiff commenced the action on October 23, 2023. (ECF No. 1.) By letter dated December 12, 2023, the Defendant requested an extension of time to file a certified copy of the administrative record. (ECF No. 6.) On January 19, 2024, the Defendant filed the instant motion. Defendant seeks to dismiss Plaintiff's action for failure to exhaust its administrative remedies, or alternatively moves for summary judgment in its favor.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601,604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

3

When reviewing an appeal from a determination of the SSA, the Court's review is limited to determining whether the agency's conclusions were supported by substantial evidence in the record and were based on a correct legal standard. *See Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or conduct *de novo* review. *See Cage v. Comm'r of Soc.* Sec., 692 F.3d 118, 122 (2d Cir. 2012); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standard has not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, the hearing officer's failure to apply the correct legal standard is a sufficient bases for reversing the agency's determination(s)." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

## **DISCUSSION**

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned R & R, the Court finds the conclusion(s) reached are grounded in fact and law. Thus, warranting dismissal of Plaintiff's complaint.

MJ Krause construed Defendant's motion as seeking summary judgment. As supported in Defendant's moving papers, Plaintiff failed to exhaust its administrative remedies. The agency's file contains no evidence that Plaintiff timely and properly challenged the agency's determination of overpayment. Nor is there any evidence or facts before the Court to demonstrate that even

assuming the overpayment was not of Plaintiff's doing or fault,  there is no showing that

repayment would either be inequitable or would defeat the purposes of the Social Security Act.

*See Valente v. Sec'y of Health & Hum. Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984). Accordingly,

the Court adopts the R & R in its entirety.

## **CONCLUSION**

For the reasons stated above, the Court adopts MJ Krause's R & R in its entirety.

Defendant's motion for summary judgment is GRANTED without opposition or objection. The

Clerk of the Court is respectfully directed to enter judgment in favor of Defendant, to terminate

the motion at ECF No. 7, to terminate the action, to mail a copy of this Opinion to the *pro se*

Plaintiff at the address on ECF and to show service on the docket.

Dated: August 27, 2024                                                    SO ORDERED.
      White Plains, New York

                                                Nelson S. Roman, U.S. District Judge